ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 21 2007
CLERK, U.S. DISTRICT COURT
By ______ Deputy

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VALENTINE REYES, IRENE GONZALEZ and GARY F. GARCIA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **C A NO.** ____________ |
| **Vs.** | § | |
| | § | **3-07CV0900-M** |
| **THE CITY OF FARMERS BRANCH, TEXAS** | § | |
| | § | |
| **Defendant** | | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. INTRODUCTION

1. This is an action to enforce Section 2 and Section 5 of the Voting Rights Act of 1965 as amended, U.S.C. §1973 and the Fourteenth Amendment to the Constitution of the United States. Plaintiffs seek declaratory and injunctive relief against continued use of the existing at-large, by place, with majority rule, election system on the grounds that the election system dilutes the voting strength of Latinos. The election method unlawfully dilutes the voting strength of Latino voters and denies and abridges the right to vote of Latinos on account of their race, color or ethnicity. Plaintiffs seek a permanent injunction prohibiting the calling, holding, supervising or certifying of any future elections for the Farmers Branch City Commission under the present at-large system. Plaintiffs seek the formation of an election system for the City of Farmers Branch, Texas that includes single member electoral districts or cumulative voting to ensure city council members whose election will not cancel out, minimize, or dilute the voting strength of Latino voters. Plaintiffs are

Latino residents and voters of the City of Farmers Branch; Plaintiffs further seek costs and attorney's fees.

## II.
## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. 1343 a (3) & (4) and upon 28 U.S.C. 1331 for causes of action arising from 42 U.S.C. 1971 and 1973. Jurisdiction for Plaintiffs' claim under the Fourteenth Amendment to the U.S. Constitution is based upon 42 U.S.C. Section 1983. Jurisdiction for Plaintiffs' claim for declaratory relief is based upon 28 U.S.C. 2201 and 2202. Jurisdiction for Plaintiffs' claim for attorneys fees is based on 42 U.S.C. Section 1973(e) and 1988. Venue is proper in this court under 28 U.S.C. 1391(b).

## III.
## PARTIES

3. Plaintiff VALENTINE REYES is a Latino resident of the City of Farmers Branch who is a registered voter eligible to vote for Farmers Branch City Commissioners.

4. Plaintiff IRENE GONZALES is a Latina resident of the City of Farmers Branch, Texas who is a registered voter eligible to vote for Farmers Branch City Commissioners.

5. Plaintiff GARY F. GARCIA is a Latino resident of the City of Farmers Branch who is a registered voter eligible to vote for Farmers Branch City Commissioners.

6. Defendant CITY OF FARMERS BRANCH is political subdivision organized and existing under the laws of the State of Texas. The CITY OF FARMERS BRANCH administers city government, including city elections, within its city limits, which is in Dallas County.

7. At all times relevant to this litigation, Defendant has acted under the color of the constitution, statutes, ordinances, regulations, customs, and usages of the State of Texas.

**FACTUAL BACKGROUND**

8. According to the 2000 United States Census, City of Farmers Branch has a total population of 27,508; the Hispanic population is 10,241 or 37.2% of the total population. Of the six member city council of Farmers Branch none are Latino. Latino candidates have run but been unable to get elected because of the at-large, by place, majority rule, election system.

9. City council members are elected in at-large, city wide elections for terms of three years.

10. Election laws and practices applicable to the election of City Commissioners of Farmers Branch require the following:

a. Candidates must run for a particular place or post on the ballot.

b. Voters may cast a vote for each position or post on the ballot.

c. Voters may cast no more than one vote for any particular candidate.

d. If a candidate does not receive a majority of the votes cast for a particular position, there must be a run off between the two highest vote getters.

11. The numbered post or place system has the effect of eliminating the "practice" of single shot voting that is used by groups to help elect candidates of a "minority race".

12 If the City of Farmers Branch was divided into single member districts for election purposes, the minority community is sufficiently large and geographically compact to elect a candidate of their choice.

13. Single member districts for the City of Farmers Branch can be drawn to comply with ***Thornburg v. Gingles***, 478 U.S. 30, 92 L. Ed. 2d 25, 106 S. Ct. 2752 (1986).

14. Due to long standing social, legal, economic, political, educational and other widespread prevalent restrictions, customs, traditions, biases, and prejudices, the Latino population in the City of Farmers Branch has historically suffered from and continues to suffer from the effects of discriminatory treatment in education, employment, health, income and living conditions which hinders their ability to participate fully in the political process.

15. The significant differences in the Social and Economic conditions of the Racial and Ethnic groups in the City of Farmers Branch is at once a demonstration of the consequences of their past treatment and an example of the difficulty that a racial and ethnic group has in dealing with at-large elections.

16. Voting within the City of Farmers Branch has been characterized by racial polarization in contested elections in which minority candidates have opposed anglo candidates, with anglo voters generally voting for anglo candidates and Latino voters voting for Latino candidates. In the absence of special circumstances, such as the Latino candidate running unopposed, such practices usually lead to a defeat of the Latino voters' preferred candidate. *LULAC v. Perry,* 126 S. Ct. 2594 (2006)

17. The at-large scheme of elections for Farmers Branch City Council Members prevents any meaningful participation in the electoral process by Latinos.

18. Accordingly, the at-large elective system challenged herein has caused and will continue to cause immediate and irreparable injury to plaintiffs by denying them an equal opportunity to elect candidates of their choice to public office. Plaintiffs have no plain, speedy or adequate remedy at law. Unless restrained and enjoined by this Court, defendant will continue to deny plaintiffs their rights.

## VIOLATIONS

19. The present at-large, including the numbered place and majority vote requirements, used to elect City Council for the City of Farmers Branch results in a denial or abridgment of the right to vote of plaintiffs and those similarly situated on account of their race, color, or ethnicity, by having the effect of canceling out or minimizing their individual voting strength as minorities of the City of Farmers Branch. The at-large system does not afford Latinos an equal opportunity to participate in the political process and to elect representatives of their choice, all in violation of the right of plaintiffs and those similarly situated as secured by Section 2 and Section 5 of the Voting Rights Act of 1965, 42 U.S.C. Sec. 1973.

20. Because of the violations listed above, the current election system for Farmers Branch City Commissioners has caused and is causing immediate and irreparable injury to plaintiffs and other similarly situated. Plaintiffs have no plain, speedy, or adequate remedy at law. Unless restrained or enjoined by the Court, the defendant will continue to deny the rights to the plaintiffs and those similarly situated.

## IMMUNITIES

21. Qualified and absolute immunity does not protect the defendant because plaintiffs seek only injunctive and declaratory relief and attorneys' fees. Furthermore, absolute immunity does not protect defendant because it does not act in any capacity that receives immunity at common law. The defendant is not entitled to Eleventh Amendment immunity because plaintiffs seek only injunctive relief, declaratory relief and attorneys' fees.

## EQUITIES

22. Plaintiffs have no adequate remedy at law other than the judicial relief sought herein, and unless the Defendant is enjoined from continuing the present at-large scheme, plaintiffs will be irreparably harmed by the continuing violation of their statutory and constitutional rights. The illegal and unconstitutional conditions complained of preclude the adoption of remedial provisions by the electorate. The present electoral scheme is without any legitimate or compelling governmental interest and it arbitrarily and capriciously cancels, dilutes and minimizes the force and effect of the plaintiffs' voting strength.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray for relief as follows:

(a) That the Court declare the present county-wide, at-large election system for Farmers Branch City Council Members, unlawfully dilutes Latino voting strength and denies to plaintiffs and those similarly situated their rights as secured by Section 2 of the Voting Right Act of 1965, 42 U.S.C. Sec. 1973;

(b) That the Court grant preliminary and permanent injunctive relief restraining and enjoining the defendant her officers, agents, employees, attorneys, and successors in office, and all persons in active concert and participation with them, from holding any further elections or making any further appointments under the current election system for Farmers Branch City Council Members;

(c) That the Court order into effect an election system for Farmers Branch City Council Members that does not dilute minority voting strength nor violate the Voting Rights Act of 1965 as amended, and that remedies the violations outlined in this complaint;

(d) That the Court grant plaintiffs their costs, necessary expenses of the litigation, and reasonable attorneys' fees (42 U.S.C. Sec. 1973 1(e) and 1988); and

(e) That the Court grant plaintiffs any further relief that may be necessary and proper to ensure that racially fair election procedures are used in the election of Farmers Branch City Council Members.

Respectfully Submitted

ROLANDO L. RIOS
Attorney at Law
Milam Building
115 E. Travis, Suite 1024
San Antonio, Texas 78205
TX State Bar No. 1693590
(210) 222-2102
(210) 222-2898 fax
rrios@rolandorioslaw.com

DOMINGO GARCIA
Law Office of Domingo Garcia
400 S. Zang Blvd., Suite 600
Dallas, Texas
SBN:07631950
Office: (214) 941-8300

Fax: (214) 943-7536
garciadtx@aol.com

**ATTORNEYS FOR PLAINTIFFS**

☐ JS 44 (Rev. 3/99) ORIGINAL

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

VALENTINE REYES ET.AL.

(b) County of Residence of First Listed Plaintiff DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Rolando L. Rios
115 E. Travis, Suite 1645
San Antonio, Texas 78205

**DEFENDANTS** 3-07CV0900-M

CITY OF FARMERS BRANCH

County of Residence of First Listed Defendant DALLAS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

RECEIVED
MAY 21 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury—Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☒ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1973C - Section 2 & 5 (Enforcement Proceeding) - Federal Voting Rights Act

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ________ DOCKET NUMBER ________

DATE 5.21.07 SIGNATURE OF ATTORNEY OF RECORD Rolando L. Rios

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________